UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BALTAS,<br>    Plaintiff,<br><br>v.<br><br>DAVID MAIGA, in his individual and official capacities, ROLLIN COOK, in his individual and official capacities, ANGEL QUIROS, in his individual and official capacities, JACLYN OSDEN, in her individual and official capacities, and JESSICA SANDLER, in her individual and official capacities,<br>    Defendants. | CIVIL ACTION NO.<br>3:20cv1177 (MPS) |

**RULING ON MOTION FOR RECONSIDERATION**

The plaintiff, Joe Baltas, is incarcerated at the Red Onion State Prison ("Red Onion") in Pound, Virginia. He has filed a civil rights complaint under 42 U.S.C. § 1983, against former Commissioner Rollin Cook, District Administrator Angel Quiros, Director of Offender Classification and Population Management David Maiga, Correctional Counselor Supervisor Jaclyn Osden, and Correctional Counselor Jessica Sandler. *See* Compl. ECF No. 1, at 1-6. His complaint alleges constitutional violations related to his transfer to Virginia and the conditions of his confinement in Virginia.

In an initial review order dated October 26, 2020, the court concluded that Baltas could proceed on his First Amendment retaliation claims against Cook and Maiga in their individual capacities; his First Amendment claims based on his right to free flow of incoming and outgoing mail, legal mail, right to publications/information, and access to the courts against Cook, Maiga, Angel Quiros, Osden and Sandler in their individual capacities; his Sixth Amendment claims based on his rights to speedy trial and effective assistance of counsel against Cook, Maiga,

Quiros, Osden and Sandler in their individual capacities; his Eighth Amendment claims against Cook, Maiga, Quiros, Osden and Sandler in their individual capacities; and his Fourteenth Amendment claims based on his confinement in administrative segregation without review against Cook, Maiga, Quiros, Osden, and Sandler in their individual capacities. *Baltas v. Maiga*, No. 3:20CV1177 (MPS), 2020 WL 6275224, at *22 (D. Conn. Oct. 26, 2020), Initial Review Order, (ECF No. 16 at 46). The court dismissed all other claims without prejudice and afforded Baltas 30 days to file an amended complaint. *Id.*

Baltas has filed a motion for reconsideration. (ECF No. 27). He has also filed a motion for extension of time to amend his complaint. (ECF No. 43).

Baltas seeks reconsideration of the initial review order concerning his Eighth Amendment transfer claims, Fourth/Fourteenth Amendment claims based on allegedly improper withholding/seizure of his property, Interstate Compact and Contract claims, First Amendment visitation claims, Fourteenth Amendment equal protection claims, Fourteenth Amendment due process disciplinary hearing claims; he also seeks reconsideration of the court's ruling concerning the scope of his request for injunctive relief, and the basis for the injunctive relief to be transferred back to Connecticut as sought in his motions for temporary restraining order and preliminary injunction.

The court assumes familiarity with and incorporates herein the facts from its prior initial review order and its ruling on the motions for temporary restraining order and preliminary injunction. (ECF No. 39).

### I. Motion for Extension of Time

2

Baltas requests an extension of time to file his amended complaint to, *inter alia*, address identified insufficiencies and clarify certain claims and facts. The court will afford Baltas until February 19, 2021 to file his amended complaint.

## II.     Motion for Reconsideration

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. L. Civ. R. 7(c)1 ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The court has reviewed Baltas's arguments for reconsideration concerning this court's initial review order dismissing his Eighth Amendment transfer claims, Fourteenth Amendment/Fourth Amendment property-related claims, Interstate Compact and Contract claims, First Amendment visitation claims, Fourteenth Amendment equal protection claims, and Fourteenth Amendment due process disciplinary claims. The court finds that the motion does not meet the "strict standard" for reconsideration set forth in the Local Rule and the case law and will adhere to the rulings in its initial review order dismissing these claims without prejudice.

Consistent with this court's initial review order, however, Baltas may replead his claims in an amended complaint.[1]

Baltas also argues that this court misinterpreted his request for relief in his complaint as seeking release from administrative segregation in Virginia. Baltas's motion for reconsideration asserts that he seeks an order for Maiga to relieve him from administrative segregation classification in Connecticut as he is not classified as administrative segregation in Virginia. This request for relief was not clear from the allegation of the complaint, *see* (ECF No. at ¶ 168) ("Plaintiff seeks declaratory relief and injunctive relief ordering the mandated Ad. Seg. Review and release from Ad.Seg."), and so the court interpreted his complaint as asserting a due process claim seeking review of his segregated status in Virginia. *See* (ECF No. 16 at 37-38) *see also* (ECF No. 1 at ¶ 106) ("As a result of being housed in VA Plaintiff has been subjected to RHU and isolation confinement with any process of any kind for a term of 8 month and ongoing."). The court will adhere to its previous ruling in the initial review order. However, Baltas may clarify his due process claim and request for relief in his amended complaint.

Baltas's motion for reconsideration regarding his motions for temporary restraining order and preliminary injunctions to be transferred back to Connecticut due to safety concerns about his continued incarceration in Virginia is moot as the court's order on the motions for temporary restraining order and preliminary injunction addressed this issue. *See* (ECF No. 39 at 23-24).

### III. CONCLUSION

---

[1] In his motion for reconsideration, Baltas explains that his complaint about being deprived of the disciplinary procedures under the Connecticut Administrative Directive 9.5 (Cod of Penal Discipline) concerns his Administrative Segregation classification by Connecticut DOC. Mot. (ECF No. 27-1 at 13). Baltas may file an amended complaint to clarify his claim of procedural due process violation.

4

For the foregoing reasons, the motion for extension of time to file the amended complaint (ECF No. 43) is GRANTED.  The motion for reconsideration is DENIED. Upon review, the court adheres to its previous rulings as to his Eighth Amendment transfer, Fourteenth Amendment/Fourth Amendment property-related claims, Interstate Compact and Contract claims, First Amendment visitation claims, Fourteenth Amendment equal protection claims, Fourteenth Amendment due process disciplinary claims, and injunctive request for release from administrative segregation; the request regarding the motions for temporary and preliminary injunction request for transfer to Connecticut on the basis of safety concerns is moot.

Baltas may file an amended complaint on or before February 19, 2021.  Baltas is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

SO ORDERED at Hartford, Connecticut this 12th day of January 2021.

_____/s/_____
Michael P. Shea
United States District Judge