UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joe Baltas, | |
| Plaintiff, | Civil No. 3:20-cv-01177 (MPS) |
| v. | |
| David Maiga et al., | |
| Defendants. | April 7, 2021 |

### RULING ON MOTION FOR MEDICAL EXAMINATION (Doc. #65) AND MOTION FOR PSYCH EVALUATION (Doc. #66)

This is a prisoner civil rights case filed by Joe Baltas, a *pro se* plaintiff. Mr. Baltas is an inmate who was formerly confined within Connecticut Department of Correction ("DOC") facilities and is currently incarcerated at the Red Onion State Prison in Pound, Virginia. (ECF No. 16, at 1-2.) He has filed a civil rights complaint under 42 U.S.C. § 1983 against several current and former DOC officials. (ECF No. 1.) He has moved the Court to order a medical examination and a psychological evaluation by independent experts. (ECF Nos. 65, 66.) United States District Judge Michael Shea referred these motions to the undersigned for decision. (ECF No. 73.)

The Court construes Mr. Baltas's motions as requests for orders compelling his medical examinations at the defendants' expense for discovery purposes, pursuant to Rule 35(a)(1) of the Federal Rules of Civil Procedure.[1] Under Rule 35(a)(1), courts may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a

---

[1] Though Mr. Baltas did not cite Rule 35(a)(1), courts liberally construe the motions of *pro se* plaintiffs. *See, e.g., Tracy v. Freshwater*, 623 F.3d 90, 101-102 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants. . . . The solicitude . . . most often consists of liberal construction of pleadings, motion papers and appellate briefs.").

suitably licensed or certified examiner." The moving party must show that there is "good cause" to order the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). The Court has discretion on whether to grant or deny a Rule 35(a) examination. *See O'Quinn v. New York Univ. Med. Ctr.*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995).

A plaintiff cannot use Rule 35 to obtain medical care for himself. *See Rodriguez v. Conway*, No. 10-CV-6243L, 2011 WL 4829725, at *3 (W.D.N.Y. Sept. 6, 2011) (holding that a plaintiff cannot "invoke Rule 35 in order to receive medical care"), *aff'd*, No. 10-CV-6243L, 2011 WL 4829869 (W.D.N.Y. Oct. 12, 2011); *Jenkins v. Doe*, No. 3:09-CV-1194 (SRU/WIG), 2011 WL 121682, at *1 (D. Conn. Jan. 13, 2011) (denying the plaintiff's motion for a medical examination under Rule 35 because it was "simply an attempt to obtain medical treatment"). A plaintiff also cannot use Rule 35 to get a free examination of himself for use as evidence in his case, even if he is indigent. "Although plaintiff has the right to hire his own expert, no civil litigant, even an indigent one, has the legal right to a medical examination at taxpayer expense." *Funderburke v. Canfield*, No. 13-CV-6128G, 2014 WL 6390577, at *1 (W.D.N.Y. Nov. 7, 2014) (internal alternations and quotation marks omitted).

The Court concludes that Mr. Baltas filed these motions to obtain medical care and evidence of his medical conditions. In support of his motions, he listed his medical conditions and described how the conditions of his confinement negatively impacted his physical and mental health. (ECF Nos. 65, 66.) He stated that the examinations would be done to determine his physical and mental well-being, his injuries, and his "current state." (*Id.*) He also stated that the psychological evaluation was necessary because the defendants, the Connecticut DOC, and the Virginia DOC have refused to treat his mental health conditions or take any corrective action.

(ECF No. 66, at ¶¶ 4-7.) Because a plaintiff cannot use Rule 35 to obtain medical care or evidence for use in his case, Mr. Baltas's motions for examinations pursuant to Rule 35 are denied.

The defendants construe Mr. Baltas's motions not as discovery motions under Rule 35, but rather as motions for preliminary injunctive relief. (ECF No. 75, at ¶¶ 6-10.) And to be sure, he would not be the first inmate to seek such relief. *See, e.g., Romano v. Levitt*, No. 15-CV-518A, 2017 WL 2544076, at *1-2 (W.D.N.Y. May 5, 2017) (considering an incarcerated plaintiff's motion for an injunction to compel the defendants to examine him and provide him with medical care), *report and recommendation adopted*, No. 15-CV-518A, 2017 WL 2533208 (W.D.N.Y. June 12, 2017); *Castellano v. McGill*, No. 3:07-CV-1447 (AWT), 2008 WL 4696121, at *1-2 (D. Conn. Oct. 21, 2008) (same). Yet the Court declines to construe the motions that way because the record discloses that when Mr. Baltas wants a preliminary injunction, he knows how to ask. (*See* ECF No. 4 (emergency motion expressly requesting entry of "a Preliminary Injunction in this matter").) The Court infers from his failure to expressly request preliminary injunctive relief that he intended to proceed under the discovery rules.[2]

Because they attempt to put the discovery rules to impermissible uses, Mr. Baltas's motions for medical and psychological examinations (ECF Nos. 65, 66) are **DENIED**.

---

[2] In the event that he contemplates an express motion for a preliminary injunction, Mr. Baltas should first give careful consideration to Judge Shea's rulings on prior motions for injunctive relief in this case and in his other cases. For example, Judge Shea noted in one of Mr. Baltas's other cases that a "request for prospective injunctive relief from correctional staff in connection with conditions of confinement at a particular correctional institution becomes moot when the inmate . . . is transferred to a different institution." *Baltas v. Erfe*, No. 3:19-CV-1820 (MPS), 2020 WL 1915017, at *12 (D. Conn. Apr. 20, 2020). He also noted, in the Initial Review Order for this case, that the Court does not have personal jurisdiction over the Virginia DOC officials and cannot grant injunctive relief against them. (ECF No. 16, at 44.) *See also Baltas v. Erfe,* 3:19-cv-1820 (MPS), ECF No. 15 (Feb. 27, 2020).

This is not a recommended ruling. It is a ruling by a Magistrate Judge on a "nondispositive motion[] . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

So ordered this 7th day of April, 2021, at Hartford, Connecticut.

                                              */s/ Thomas O. Farrish*
                                              Hon. Thomas O. Farrish
                                              United States Magistrate Judge