**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOE BALTAS, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:20cv1177 (MPS) |
| v. : | |
| : | |
| DAVID MAIGA, in his individual and official : | |
| capacities, ROLLIN COOK, in his individual : | |
| and official capacities, ANGEL QUIROS, in his : | |
| individual and official capacities, JACLYN : | |
| OSDEN, in her individual and official : | |
| capacities, and JESSICA SANDLER, in her : | |
| individual and official capacities, : | |
|     Defendants. : | |

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

The plaintiff, Joe Baltas, was formerly incarcerated at the Red Onion State Prison ("Red Onion") in Pound, Virginia. He has filed a civil rights complaint under 42 U.S.C. § 1983 against former Commissioner Rollin Cook, District Administrator Angel Quiros, Director of Offender Classification and Population Management David Maiga, Correctional Counselor Supervisor Jaclyn Osden, and Correctional Counselor Jessica Sandler. In his amended complaint, he alleges constitutional violations related to his transfer to Virginia ("VA") and the conditions of his confinement in Virginia. He has since been relocated in Connecticut and is currently confined within the Connecticut Department of Correction ("DOC") at the MacDougall-Walker Correctional Institution.[1] *See* (ECF No. 149).

The court assumes familiarity with the Court's initial review orders and ruling denying Plaintiff's motion for temporary restraining order and preliminary injunction. Initial Review

---

[1] This information is publicly available on the DOC website under Offender Information Search. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record.").

Order (ECF No. 16) (October 26, 2020); Ruling (ECF No. 39) (January 6, 2020); Initial Review Order Am. Compl. (ECF No. 116).

Plaintiff has filed an Emergency Motion for Temporary Restraining Order to enjoin Defendants Maiga and Quiros from returning him to Administrative Segregation based on a 2019 incident and holding him in Administrative Segregation while confined in DOC facilities. Emerg. Mot. for TRO (ECF No. 153). Defendants have filed their opposition (ECF No. 170), and Plaintiff has filed a reply thereto (ECF No. 176).

**I.      Standard of Review**

Under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may seek prospective injunctive relief to address an ongoing or continuing violation of federal law or a threat of a violation of federal law in the future. *See In re Deposit Ins. Agency,* 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). In determining whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted).

A district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.). The same standard applies for granting a temporary restraining order and a motion for a preliminary injunction. *Stoneway Capital Corp. v. Siemens Energy Inc.*, 2020 WL 764457, at *1 (S.D.N.Y. Feb. 14, 2020).

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consolidated Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (Sotomayor, J.) (citation and internal quotation marks omitted); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Under this standard, a movant must establish "a threat of irreparable harm" and either (1) "a probability of success on the merits" or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in favor of the moving party." *Id.* (internal citations omitted). To demonstrate irreparable harm, a plaintiff must show "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995).

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Vega v. Lantz*, 2006 WL 2642416, at *2 (D. Conn. Sept. 14, 2006) (internal citations omitted); *see also Taylor v. Rowland*, 2004 WL 231453, at *2–*3 (D. Conn. Feb. 2, 2004) (concluding that a motion for preliminary injunctive relief was not proper because it was "unrelated to the issues in the amended complaint").

If the movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo" then the burden of proof is even greater. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks and citation omitted). Such a mandatory injunction "should issue only upon a *clear showing* that the moving party is entitled to the relief requested,

3

or where *extreme* or *very serious* damage will result from a denial of preliminary relief." *Id.* A party seeking a mandatory injunction must make a substantial showing of a likelihood of success on the merits. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, the court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.*

## II.    Analysis

Plaintiff's motion for the Court to enjoin Defendants Maiga and Quiros from returning him to Administrative Segregation based on a 2019 incident and from holding him in Administrative Segregation in Connecticut must be denied.[2]

---

[2] Because no factual dispute need be resolved by holding an evidentiary hearing, the Court may deny the motion without hearing oral testimony. *See Lopez v. McEwan*, No. 3:08CV678(JCH), 2009 WL 179815, at *1 (D. Conn. Jan. 23, 2009) (citation and internal quotation omitted).

Because Plaintiff is no longer housed at the Red Onion in Virginia, his amended complaint does not raise any plausible continuing constitutional violation that could be remedied by his requested temporary restraining order. Without an ongoing violation of federal law, Plaintiff's request for injunctive relief against the Defendants in their official capacities is barred by the Eleventh Amendment. *See In re Deposit Ins. Agency,* 482 F.3d at 618 (noting that a plaintiff "may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.') (internal quotation omitted).

Likewise, the Court cannot grant Plaintiff's request for a temporary restraining order because he seeks relief that is unrelated to his claims of constitutional violations arising from his transfer to, and confinement in, the Red Onion. Plaintiff's request to enjoin his placement in administrative segregation concerns his confinement in Connecticut and thereby "deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *accord Al-Bukhari v. Dep't of Correction*, 720 F. App'x 655, 656 (2d Cir. 2018); *Torres v. UConn Health*, No. 3:17-cv-325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted where unrelated to claims of complaint); *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 61 (D. Conn. 2003) (denying inmate's request for injunctive relief because, *inter alia*, it was based on allegations that were different and unrelated to the facts pled in the underlying complaint). Accordingly, Plaintiff's motion must also be denied on the additional grounds that it seeks remedial relief outside of the scope of the constitutional violations asserted in his amended complaint.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for a Temporary Restraining Order (ECF No. 153) is DENIED.

SO ORDERED at Hartford, Connecticut this 13th day of October 2021.

/s/<br>
Michael P. Shea, U.S.D.J.